Nicholas M. Wajda (Cal. Bar No. 259178 )
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAISHA N. HENSON,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST CREDIT SYSTEMS, L.P.<br><br>Defendant. | Case No. 2:21-cv-04807<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq.*<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**NOW COMES** Plaintiff, MAISHA N. HENSON, through undersigned counsel, complaining of Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4. MAISHA N. HENSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 24667 Crenshaw Blvd, Unit D, Torrance, California 91402.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

7. SOUTHWEST CREDIT SYSTEMS, L.P. ("Defendant") is a limited partnership organized and existing under the laws of the state of Texas.

8. Defendant maintains a principal place of business at 4120 International Parkway, Suite 1100, Carrolton, Texas 75007.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11. Plaintiff obtained services from Time Warner Cable.

12. Due to unforeseen financial difficulties, Plaintiff was unable to stay current on her obligation to Time Warner Cable.

13. Upon information and belief, at the time that Plaintiff fell into default with Time Warner Cable she owed approximately $157.46 ("subject debt").

14. Plaintiff's $157.46 balance is a "debt" as defined by 15 U.S.C. §1692a(5).

15. Plaintiff's $157.46 balance – once unpaid – was referred for collection.

16. Defendant mailed Plaintiff a letter, dated June 24, 2020, (the "Letter"), which stated, in part:

| Account Summary | |
|---|---|
| Creditor | Time Warner Cable |
| Creditor Account No. | 8448300560859941 |
| Southwest Reference No. | 80027558 |
| Principal | $98.46 |
| Equipment Cost | $59.00 |
| Total Amount Due | ➔ $157.46 ⬅ |
| 🖐 Offered Amount ✌ | $94.48 |

17. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

18. The Letter misled Plaintiff as it stated that the "total amount due" but did not disclose the balance may increase because of interest.

19. Defendant's use of the term "principal" requires Defendant to disclose that the "total amount due" may increase because of interest.

20. In the alternative, if interest was not accruing, Defendant's use of the term "principal" was incredibly misleading and confusing.

21. Plaintiff believed from reading the Letter that the total due was "static" and the payment of $157.46 would satisfy Plaintiff's debt irrespective of when Plaintiff's payment was remitted.

22. Upon information and belief, Plaintiff's balance was not "static" and was subject to potentially increase.

23. In the alternative, the fact that Defendant deliberately designed its letter to include the term "principal" was incredibly misleading and confusing.

**DAMAGES**

3

24. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

25. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

26. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

27. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

28. But being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

29. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

30. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692e**

31. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representations of means in connection with the collection of any debt.

32. Defendant violated 15 U.S.C. §1692e by sending the stated Plaitniff's outstanding balance, but did not disclose that the balance may increase due to interest and fees.

33. Plaintiff read the Letter and was misled into believing that he could pay his debt in full by paying the amount listed on the Letter.

34. In fact, however, if interest was accruing daily, a consumer who pays the current balance stated on the collection notice would not know whether the debt has been paid in full.

35. In other words, Defendant could still seek the interest that accumulates after the Letter was sent but before the balance was paid, or sell the Plaintiff's debt to a third party, which itself could seek the interest and fees from Plaintiff.

36. In the alternative, if interest was not accruing, Defendant's deliberate use of the word "principal" was deceptive and a misrepresentation of the status of Plaintiff's subject debt.

37. Plaintiff may enforce the provisions of 15 U.S.C. § 1692g(a)(2) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692e;

B. an award of any actual damages sustained by Plaintiff as a result of Defendant' violation(s) pursuant to 15 U.S.C. §1692k(a)(1);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00 pursuant to 15 U.S.C. §1692(a)(2)(A);

D. an award of costs of this action including expenses together with reasonable attorney's fees as determined by this Court pursuant to 15 U.S.C. §1692k(a)(3); and

E. an award of such other relief as this Court deems just and proper.

### COUNT II:
### Violations of §1788.17 of the RFDCPA

38. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

39. California Civil Code § 1788.17 provides:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

40. As stated above, Defendant violated 15 U.S.C. §§ 1692e and e(10), therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiff, MAISHA N. HENSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the RFDCPA;

  b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

  c. Awarding the Plaintiff costs and reasonable attorney fees; and

  d. Awarding any other relief as the Honorable Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

 Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: June 14, 2021      Respectfully submitted,

**MAISHA N. HENSON**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com