UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No. CV 21-4807-MWF (JCx) | Date: July 9, 2021 |
| Title: Maisha N. Henson v. Southwest Credit Systems, L.P. | |

Present: The Honorable **MICHAEL W. FITZGERALD, U.S. District Judge**

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER TO SHOW CAUSE RE: VENUE

On June 14, 2021, Plaintiff Maisha Henson filed a Complaint in this District against Defendant Southwest Credit Systems, L.P. (Docket No. 1). The Complaint asserts that venue is proper in this district under 28 U.S.C. § 1391(b)(1). (Complaint ¶ 3).

Pursuant to 28 U.S.C. § 1391(b)(1) venue is proper in the "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" An unincorporated entity "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2). Defendant is a limited partnership. (Complaint ¶ 7). Consequently, venue is proper in this district if Defendant is subject to this District's personal jurisdiction.

Personal jurisdiction is proper where the defendant: (1) consents to jurisdiction; (2) is personally served in the forum; (3) is a citizen of, or is domiciled in, the forum; or (4) has "certain minimum contacts within the forum[.]" *Frazier v. Am. Credit Resol., Inc.*, No. 18-CV-07729-TSH, 2019 WL 5310718, at *3 (N.D. Cal. Oct. 21, 2019) (quoting *Int'l Shoe Co v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316). "The party seeking to invoke jurisdiction has the burden of establishing that jurisdiction is proper." *Id.* Here, the only basis for personal jurisdiction is the existence of Defendant's contacts in this district.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV 21-4807-MWF (JCx)                    Date:  July 9, 2021
Title:     Maisha N. Henson v. Southwest Credit Systems, L.P.

"If defendant has not waived any challenge to venue, then the question of whether the current venue is proper can be considered sua sponte by a court under 28 U.S.C. § 1406(a)."  *Payne v. City of Atascadero*, No. C03-4892 SI, 2003 WL 22939227, at *1 (N.D. Cal. Nov. 18, 2003).  "If the court determines that the current venue is improper, then the court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'"  *Id*. (citing 28 U.S.C. § 1406(a)).

Plaintiff fails to demonstrate that Defendant is subject to personal jurisdiction in this district.  Plaintiff alleges:  (1) she "at all relevant times" resided within this district; (2) Defendant is a limited partnership organized under the laws of Texas; and (3) Defendant mailed Plaintiff a letter to communicate Plaintiff's outstanding debt.  (Complaint ¶¶ 4,7,16).  Plaintiff does not allege that she received Defendant's letter in this district.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing, on or before **July 16, 2021**, why this action should not be dismissed for lack of subject-matter jurisdiction.  Specifically, Plaintiff should demonstrate why there is personal jurisdiction over Defendant *in this District*.  Plaintiff's failure to respond by July 16, 2021, will result in dismissal of the action without prejudice.

IT IS SO ORDERED.